**In re SHAKER HOUSING CREDIT LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 95–13759.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Nov. 21, 1995.

Dennis J. Kaselak, Cleveland, Ohio, for Debtor.

Stephen D. Hobt, Cleveland, Ohio, for Society National Bank.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Society National Bank (the Bank), a secured creditor, seeks relief from the injunctive provisions of § 362(a) of the Bankruptcy Code, in addition to an order which would prohibit the Shaker Housing Credit Limited Partnership (the Debtor) from using certain cash collateral.

■ This is a single asset case wherein the Debtor filed its voluntary petition for relief under Chapter 11 on August 28, 1995 and continued to operate its 39–unit apartment complex as a debtor-in-possession. Undisputedly, the Bank is a secured creditor holding a security interest in the Debtor's real estate located on Shaker Boulevard in the City of Cleveland, Ohio. The Bank's security interest resulted from a 1986 commercial real estate loan to the Debtor. The current loan balance is $262,198.31, plus accrued interest. The Bank holds a first mortgage on the property. According to the Debtor's petition schedules, the value of the apartment complex was stated in the amount of $227,999.19. A sheriff's appraisal conducted on or about August 1, 1995 shows a value of $425,000.00. The Bank debt, combined with a second mortgage ($260,568.00) held by the City of Cleveland, effectively results in no equity being available to the Debtor's bankruptcy estate.

Relief from the stay injunction of § 362(a) is addressed under § 362(d). Under § 362(d)(1) and (2), in pertinent part, relief from the stay is obtainable:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization; or

In the case at bar, it is uncontested or noted that this (1) is a single asset debtor; (2) the stay relief sought is by a secured creditor who has a security interest in the subject real estate (3) it is undisputed that there existed between six to nine months of arrearages on the Bank's note prior to the Debtor's case being filed; (4) according to the Debtor's counsel, there presently is no available source of external capital to infuse the Debtor due to the current condition of the subject property; (5) the property lacks physical security; (6) it is further undisputed that the Debtor's managing general partner offered testimony under oath at the Creditors' Meeting that the break even point on the property requires a ninety percent (90%) occupancy rate. Currently, only 15 of the 39 total units are occupied, and the building has been infested with a certain level drug activity; (7) apparently, for some period both prepetition and postpetition, there exists inadequate accountability of rent revenues; (8) either valuation used, the Debtor's or the sheriff's appraisal, shows no equity beneficial

to the Debtor or its estate in the subject property.

■ It is of further concern that the Debtor has retained professionals postpetition without Court authorization. Totally, these findings reflect a Debtor who's potential for reorganization is infeasible. The Chapter 11 process should not be utilized to attempt revival of a Debtor which is virtually dead at the point of petition filing. That precisely is the case with this Debtor in view of the above findings.

Accordingly, the Movant is not adequately protected, and the debtor possesses no equity in the real estate. Thusly, the Bank's Motion for relief from stay is hereby granted pursuant to § 362(d)(1), and the Debtor's objection is hereby overruled.

■ The Bank further seeks an order which would prohibit the Debtor from using certain cash collateral, as the term is defined under § 363(a) of the Code. It is undisputed that the Bank holds a secured interest in the real estate. It is further undisputed that the Bank's security interest extends to the Debtor's cash collateral and that the Debtor has used such cash collateral postpetition without the Bank's consent or with approval of the Court as required by 11 U.S.C. 363(c). The Debtor failed to request authorization to use the cash collateral. Furthermore, as determined above, the Debtor possesses no equity in the subject property.

Accordingly, Debtor's objection is overruled and the Bank's motion to prohibit the Debtor's use of cash collateral is granted. In view of the rulings herein, the Debtor's application to appoint a property management firm is not well-founded and is hereby rendered moot.

IT IS SO ORDERED.